William T. Marshall, Jr. (N.J. Bar No. WM0626)
ZEICHNER ELLMAN & KRAUSE, LLP
33 Wood Avenue South, Suite 110
Iselin, New Jersey 08830
Phone: 973-618-9100
Facsimile: 973-364-9960

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONSUMER DATA INDUSTRY ASSOCIATION, | ) ) |
| Plaintiff, | ) Civil Action No. _____ ) ) |
| v. | ) **VERIFIED COMPLAINT FOR** ) **DECLARATORY JUDGMENT AND** ) **INJUNCTIVE RELIEF** |
| GURBIR S. GREWAL, in his official capacity as ATTORNEY GENERAL FOR THE STATE OF NEW JERSEY, | ) ) ) ) **Document Filed Electronically** |
| Defendant. | ) ) |

Plaintiff, Consumer Data Industry Association ("CDIA"), for its Verified Complaint against defendant, Gurbir S. Grewal, in his official capacity as Attorney General for the State of New Jersey, respectfully states as follows:

## PRELIMINARY STATEMENT

1.      This action seeks to prevent the State of New Jersey from violating federal law and depriving consumer reporting agencies ("CRAs") of the free speech rights guaranteed by the First Amendment to the United States Constitution.  These harms are threatened by the imminent enforcement of N.J. Stat. Ann. § 56:11-34, which was revised by S. 3452 ("Revised 56:11-34"), which will become effective October 17, 2019.

2.      In relevant part, Revised 56:11-34 provides that:

[A consumer reporting file and identification of the sources compiling it] shall be made available to a consumer upon the consumer's request in Spanish or any other language that the Director of the Division of Consumer Affairs determines is the first language of a significant number of consumers in the State. This determination shall be, at the discretion of the director, based on the numerical percentages of all consumers in the State for whom English or Spanish is not a first language or in a manner consistent with any regulations promulgated by the director for this purpose. The director shall require that the information is made available in at least the 10 languages other than English and Spanish that are most frequently spoken as a first language by consumers in this State.

A reporting agency that compiles and maintains files on consumers on a nationwide basis shall provide notice, in any language as determined by the director, on its Internet website in a clear and conspicuous location, of the availability of information subject to disclosure pursuant to this section in languages other than English.

3.      The law is preempted because it attempts to regulate conduct regarding how consumer reporting agencies disclose free annual consumer report file information and free file disclosures following placement of a fraud alert, in violation of Section 625(b)(5) of the Fair Credit Reporting Act ("FCRA"), and because it is in conflict with consumer report file disclosure provisions of the FCRA, in violation of FCRA Section 625(a). 15 U.S.C. § 1681t(a), (b)(5).

4.      Revised 56:11-34 is further an impermissible restriction on speech guaranteed by the First Amendment to the U.S. Constitution.  Revised 56:11-34 restricts speech by requiring that nationwide consumer reporting agencies ("NCRA") provide file disclosures in at least eleven languages in addition to English for consumers for whom English is not a first language —a choice of language restriction -- regardless of whether those consumers also speak English well.  This requirement does not directly advance any asserted governmental interest and is more extensive than necessary to serve any such interest.  As such, Revised 56:11-34 fails to meet the standard of review set forth in *Central Hudson Gas & Elec. Corp. v. Public Service Comm'n.* 447 U.S. 557, 100 S.Ct. 2343 (1980).

5.      CDIA and its members strive to improve the consumer experience, but the approach mandated by the State of New Jersey is not the appropriate way to do so.  To prevent imminent violation of federal law by the State and to protect the rights of CDIA's member NCRAs, CDIA seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202, 42 U.S.C. § 1983, and Federal Rule of Civil Procedure 65.

## JURISDICTION

6.      This action arises under the Supremacy Clause and First and Fourteenth Amendments to the United States Constitution, U.S. Const. Art. VI, cl. 2 & amend. I, the FCRA, 15 U.S.C. § 1681t(b), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

## VENUE

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to CDIA's claims occurred in this district.  In addition, Defendant Grewal is responsible for enforcing Revised 56:11-34 in the District of New Jersey and may be served at the Attorney General's Office in Trenton, New Jersey.

## PARTIES

8.      Defendant, Gurbir S. Grewal, is the Attorney General of the State of New Jersey and will be charged with enforcing Revised 56:11-34.  This action is, respectfully, brought against Attorney General Grewal in his official capacity.

9.      Plaintiff CDIA is an international trade association, founded in 1906, and headquartered in Washington, DC.  CDIA is the largest trade association of its kind in the world. Its membership includes more than 300 consumer credit and other specialized CRAs operating in the United States and throughout the world.  CDIA's membership includes the three NCRAs,

Equifax, Experian, and TransUnion, and many other CRAs who also furnish information concerning New Jersey consumers to consumer report users who have a "permissible purpose" under the FCRA to receive such information.  15 U.S.C. § 1681b.

10.     In its more than 100-year history, CDIA has worked with the U.S. Congress and State legislatures to develop laws and regulations governing the collection, use, maintenance and dissemination of consumer report information.   In this role, CDIA participated in the efforts leading to the enactment of the FCRA in 1970 and every subsequent FCRA amendment.

11.     CDIA's mission is to promote the interests of the consumer information reporting services industry, including its members' interests in: (i) the uniformity of federal regulation in areas in which the FCRA preempts State law; and (ii) the lawful sale of consumer reporting products permitted by the FCRA.  In this role, CDIA also represents the interests of the consumer reporting industry before every State legislature.  It is in this capacity that the CDIA respectfully challenges the State of New Jersey through its Attorney General Grewal acting in his official capacity.  CDIA members provide various services to assist consumers who speak languages other than English, such as telephone translation services or providing consumer education about credit reporting in other languages, but the requirements of Revised 56:11-34, which compels speech <u>in at least eleven</u> languages in which the NCRAs do not conduct business, are impermissibly burdensome.

## BACKGROUND – FCRA PREEMPTION

12.     To preserve the uniform, nationwide approach to credit reporting, FCRA section 625 expressly addresses the FCRA's preemptive effect over state law, and in relevant part provides for two types of preemption that are applicable here:  "conduct" preemption and "conflict" preemption.

13.     FCRA section 625(b)(5), 15 U.S.C. § 1681t(b)(5) mandates that no requirement or prohibition may be imposed by any state "*with respect to the conduct required by*" specified provisions of the FCRA.

14.     Congress attempted to craft a preemption standard that is greater than the baseline inconsistency rule of "conflict" preemption.  During House debate on the final reconciled version of this provision, Congressman Oxley stated:

> The final FCRA legislation states that no requirement or prohibition may be imposed under the laws of any State with respect to the conduct required under the nine specific provisions included in the new identity theft preemption provision of the law.  Accordingly, States cannot act to impose any requirements or prohibitions with respect to the conduct addressed by any of these provisions or the conduct addressed by any of the federal regulations adopted under these nine provisions.  All of the rules and requirements governing the conduct of any person in these areas are governed solely by federal law and any State that attempts to impose requirements or prohibitions in these areas would be preempted.

Statement of Congressman Oxley, 149 Cong. Rec. H12198-01, H12215 (Nov. 21, 2003) (emphasis added).

## BACKGROUND – APPLICABLE PROVISIONS OF THE FCRA

15.     In section 609, the FCRA requires that all CRAs, upon request, disclose "clearly and accurately . . . . all information in the consumer's file at the time of the request . . . ."  15 U.S.C. § 1681g(a)(1).  "File" means "all of the information on that consumer recorded and retained by the consumer reporting agency regardless of how the information is stored."  15 U.S.C. § 1681a(g).  All of the information "in the consumer's file" is in English.

16.     FCRA Section 612(a) was enacted as part of the Fair and Accurate Credit Transactions Act of 2003, Pub. L. 108-159, 117 Stat. 1952 ("FACT Act").  The FACT Act created a federal system by which NCRAs must provide a free annual file disclosure to consumers each year.  15 U.S.C. § 1681j(a).

17.     Together with its implementing rule, section 612(a) prescribes in detail the process by which file disclosures required by FCRA § 609(a) must be provided to consumers by the NCRAs, including how they are to be requested, the format in which they must be provided by the NCRAs, and the timing of those disclosures, while also prohibiting the NCRAs from charging any fee for those disclosures.  15 U.S.C. § 1681j(a).

18.     In addition, Congress directed the Federal Trade Commission ("FTC") to adopt an implementing rule with respect to the fulfillment of these requirements, and in so doing, required the FTC to "consider the concerns of both consumer and industry in prescribing these rules." FTC's Statement of Basis and Purpose, 69 Fed. Reg. 35467 (2004).  In particular, the FTC was directed to consider the "significant demand that may be placed on [NCRAs] providing such [disclosures]; . . . and the ease by which consumers should be able to contact consumer reporting agencies with respect to access to such [disclosures.]"  *Id.*

19.     The FTC considered the issue of whether it should require disclosures or instructions in languages other than English on the centralized website created to provide consumers with free annual disclosures:

> **[m]any consumer advocacy groups and a state official suggest that the centralized source be required to provide instructions in languages, other than English, that are spoken by a substantial number of consumers in the United States.** These commenters point to the fact that a significant portion of the United States population communicates primarily in languages other than English. **Having carefully considered these comments, the Commission has determined not to require instructions in other languages. The Commission believes that requiring multi-language translations of centralized source materials, including the centralized source website itself, would impose significant additional burden on the nationwide consumer reporting agencies at a time when they will already be responding to the multiple and varied new obligations that the FACT Act imposes upon them. Accordingly, the Commission declines, at this time, to require multi-language centralized source information and**

> **instructions.** The Commission, however, intends to provide education and outreach to consumers concerning the final rule in Spanish -- the language most commonly mentioned by commenters on this issue -- and encourages other stakeholders in the centralized source, including the nationwide consumer reporting agencies, to do the same.

*Id.* at 35476 (emphasis added).

20.     FCRA section 605A, 15 U.S.C. § 1681c-1, requires CRAs to provide consumers free file disclosures following placement of a fraud alert, and imposes other requirements related to identify theft:

> (2) Access to free reports
> In any case in which a consumer reporting agency includes a fraud alert in the file of a consumer pursuant to this subsection, the consumer reporting agency shall--
>
>> (A) disclose to the consumer that the consumer may request a free copy of the file of the consumer pursuant to Section 1681j(d) of this title; and
>>
>> (B) provide to the consumer all disclosures required to be made under Section 1681g of this title, without charge to the consumer, not later than 3 business days after any request described in [FCRA § 605A(a)(2)(A), 15 U.S.C. § 1681c-1(a)(2)(A)].

### REVISED 56:11-34 IS PREMPTED UNDER THE FCRA

21.     With the enactment of Revised 56:11-34, the State violates the FCRA's proscription against state laws:

(a)     regulating the conduct of NCRAs by attempting to regulate the NCRAs' disclosure of free annual file disclosures to consumers and file disclosures following fraud alerts; and

(b)     that are in conflict with the FCRA's requirement to disclose all information in the consumer's file.

22. Although CDIA and its members strive to improve the consumer experience, if NCRAs are forced to comply with this new law, NCRAs and their customers will suffer immediate, irreparable harm, including significant administrative costs and burdens to modify their products, systems, and procedures to comply with the law. CDIA's members will also face imminent enforcement and litigation risk as they face a choice between complying with New Jersey law or potentially violating the FCRA.

23. CDIA's member NCRAs have a reasonable threat of imminent enforcement of the new law in actions brought by the New Jersey Attorney General or his designees.

24. CDIA's member NCRAs will be irreparably harmed by even temporary compliance with the preempted law or having to defend themselves against governmental enforcement actions or private lawsuits. No New Jersey consumers will be harmed if an injunction issues because each New Jersey consumer retains the individual right to obtain free annual file disclosures in English as required by federal law.

## COUNT I – CONDUCT PREEMPTION

**New Jersey Violates the FCRA, 15 U.S.C. § 1681t(b)(5), the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, and 42 U.S.C. § 1983**

25. CDIA restates and realleges the foregoing paragraphs of this Verified Complaint as though fully set forth herein.

26. Revised 56:11-34 requires NCRAs to provide consumers with file disclosures in <u>at least eleven</u> languages other than English. New Jersey's regulation of the manner in which NCRAs provide file disclosures to New Jersey consumers interferes with the NCRAs' conduct with regard to the fulfillment of annual file disclosure requests and NCRAs' conduct with regard to providing file disclosures following fraud alerts. Revised 56:11-34 therefore regulates conduct that is regulated by the FCRA and is preempted by FCRA section 625(b)(5), 15 U.S.C. §1681t(b)(5).

27.     42 U.S.C. § 1983 provides an action at law, in equity, or other proper proceeding for redress to any person who, "under color of any statute ... of any State ... causes [the person] to be subjected ... to the deprivation of any rights ... secured by the Constitution and laws" of the United States.  By enforcing Revised 56:11-34, the State will, under color of State law, deprive CDIA's member NCRAs of rights, privileges and immunities secured by federal law, the FCRA.

28.     Because CDIA's member NCRAs are subject to the prohibition set forth in Revised 56:11-34, which is expressly preempted by the FCRA, there is an actual controversy over which this Court has jurisdiction to award declaratory and injunctive relief under 28 U.S.C. §§ 2201 *et seq.*

29.     CDIA and its members are entitled to the entry of injunctive relief prohibiting the enforcement of Revised 56:11-34 because: (i) the Revised 56:11-34 is preempted by FCRA § 625(b)(5), 15 U.S.C. § 1681t(b)(5); (ii) neither the State of New Jersey nor its consumers will be harmed by entry of such an order because New Jersey's consumers retain the individual ability to obtain file disclosures in English; (iii) the entry of such an order serves the public interest; and (iv) CDIA and its members have no adequate remedy at law and will be irreparably harmed unless the defendant is enjoined from enforcing Revised 56:11-34 against any NCRA.

30.     CDIA, therefore, prays that this Court declare Revised 56:11-34 to be preempted by FCRA § 625(b)(5), 15 U.S.C. § 1681t(b)(5), and further order all such equitable and injunctive relief as is necessary and proper to give effect to such declaration, pursuant to 28 U.S.C. § 2202, prohibiting the enforcement or attempted enforcement of Revised 56:11-34.

## COUNT II – CONFLICT PREEMPTION

**New Jersey Violates the FCRA, 15 U.S.C. § 1681t(a), the Supremacy Clause
of the United States Constitution, U.S. Const. art. VI, cl. 2, and 42 U.S.C. § 1983**

31.     CDIA restates and realleges the foregoing paragraphs of this Verified Complaint as
though fully set forth herein.

32.     As set forth more fully above, Revised 56:11-34 requires CRAs to provide
consumers disclosures of all information in their files in <u>at least</u> eleven languages other than the
language in which the CRAs keep the consumer files.  It therefore conflicts with the FCRA and is
preempted by FCRA § 625(a), 15 U.S.C. § 1681t(a).

33.     The FCRA requires that CRAs disclose the contents of a consumer's "file" upon
request, namely "all of the information on that consumer recorded and retained by the consumer
reporting agency regardless of how the information is stored."   15 U.S.C.  § 1681a(g).   A
requirement to disclose the information required by the FCRA in another language necessarily
means that a consumer reporting agency will not provide the consumer with a disclosure of the
information actually found "in the consumer's file" under the FCRA, but rather a translation and/or
interpretation of it.  Accordingly, CDIA's member CRAs cannot comply with Revised 56:11-34
without violating FCRA § 609. 15 U.S.C. § 1681g.

34.     Because CDIA's member CRAs are subject to the requirement set forth in Revised
56:11-34, which conflicts with the FCRA and is thus preempted under FCRA § 625(a), 15 U.S.C.
§ 1681t(a), there is an actual controversy over which this Court has jurisdiction to award
declaratory and injunctive relief under 28 U.S.C. §§ 2201 *et seq.*

35.     CDIA and its members are entitled to the entry of injunctive relief prohibiting the
enforcement of Revised 56:11-34 because: (i)  Revised 56:11-34 is preempted by FCRA § 625(a),
15 U.S.C. § 1681t(a); (ii) neither the State of New Jersey nor its consumers will be harmed by

entry of such an order because New Jersey's consumers can obtain file disclosures in English; (iii) the entry of such an order serves the public interest; and (iv) because CDIA and its members have no adequate remedy at law and will be irreparably harmed unless the defendant is enjoined from enforcing Revised 56:11-34 against any CRA.

36.     CDIA, therefore, prays that this Court declare Revised 56:11-34 to be preempted by FCRA § 625(a), 15 U.S.C. § 1681t(a), and further order all such equitable and injunctive relief as is necessary and proper to give effect to such declaration.

37.     CDIA is further entitled to injunctive relief pursuant to 28 U.S.C. § 2202, prohibiting the State, through the Attorney General, or any other governmental authority, from enforcing or attempting to enforce Revised 56:11-34.

### COUNT III – RESTRICTION OF COMMERCIAL SPEECH

**New Jersey Violates the CRAs' Free Speech Rights Guaranteed by the First Amendment to the United States Constitution, U.S. Const. Amend. I**

38.     CDIA restates and realleges the foregoing paragraphs of this Verified Complaint as though fully set forth herein and further states as follows.

39.     Revised 56:11-34 requires CRAs to speak in at least eleven different languages other than English by providing file disclosures in in those languages, and to promote those services on its website. As such, it is compelled speech in violation of the First Amendment to the United States Constitution.

40.     Regardless of whether the constitutionality of Revised 56:11-34 is evaluated under the "strict scrutiny" standard applied to non-commercial speech, or the "intermediate scrutiny" standard applied to commercial speech, the new law cannot survive. The furnishing of truthful, accurate and non-misleading consumer report information is protected by the First Amendment, *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 773

(1976) ("What is at issue is whether a State may completely suppress the dissemination of concededly truthful information about entirely lawful activity, fearful of that information's effect upon its disseminators and its recipients. Reserving other questions, we conclude that the answer to this one is in the negative."). Revised 56:11-34 does not meet the requirement that it be the least speech-restrictive means necessary to serving the government interest. *See Central Hudson Gas & Elec. Corp. v. Public Service Commission of New York,* 447 U.S. 557, 564, 100 S. Ct 2343 (1980).

41.    Revised 56:11-34 does not contain a statement of basis and purpose articulating the "substantial government interest" the law seeks to promote. Revised 56:11-34 allows the State, by regulation, to require disclosure in at least eleven or more languages at a consumer's request based only on a determination that such language is the "first language of a significant number of the consumers in the State" without any consideration of whether those consumers also read or understand the current file disclosures, which are in English. Further, Revised 56:11-34 does not define what a "substantial number" of consumers are, but requires that the Director of the Division of Consumer Affairs identify at least ten, but possibly more, languages in addition to Spanish. Given the breadth of the requirement, it is unclear whether the interest that the State seeks to serve is providing information to those consumers who are unable to read or understand English, or merely allowing consumers the convenience of additional languages.

42.    Although a state need not adopt the "least restrictive" regulation, the state must demonstrate narrow tailoring of the challenged regulation to the asserted interest—"a fit that is not necessarily perfect, but reasonable; that represents not necessarily the single best disposition but one whose scope is in proportion to the interest served." *Greater New Orleans Broadcasting Association, Inc. v. United States,* 527 U.S. 173, 188 (1999) (*quoting Bd. of Trs. of State Univ. of N.Y. v. Fox,* 492 U.S. 469, 480 (1989)). Revised 56:11-34 is more restrictive than necessary to

serve any unarticulated government interest.

43.     In particular, Revised 56:11-34 is more restrictive than necessary because it fundamentally requires CDIA members to speak in at least eleven languages in addition to English. The law does not merely require CDIA's members to simply provide static summary or notice of the type of information that is provided in a typical file disclosure; rather, it requires disclosure of dynamic data in at least eleven additional languages, with the result that every item of information in English for every single disclosure will have to be translated in real time (or the companies would have to begin maintaining all of their tradeline data in a variety of languages; an effort that is not realistic). Further, the law requires these eleven or more languages regardless of whether the consumers can speak or read English well.

44.     Revised 56:11-34 is not narrowly tailored "in proportion to the interest served;" rather, it shifts the entire cost of providing file disclosures in at least eleven additional languages to affected CDIA members, regardless of whether the consumers are able to read or speak English and have no need for disclosure in another language.

45.     42 U.S.C. § 1983 provides a cause of action to any person who is deprived, under color of State law, of rights guaranteed by the United States Constitution or federal laws.

46.     By enforcing Revised 56:11-34, the State will deprive affected NCRAs of the right to free expression protected by the First Amendment to the United States Constitution.

47.     CDIA and its members are entitled to the entry of injunctive relief prohibiting the enforcement of Revised 56:11-34 because: (i) Revised 56:11-34 requires CRAs to speak in up to eleven languages other than English in a manner that is far more expansive than necessary to serve any governmental interest underlying its enactment; (ii) neither the State of New Jersey nor its consumers will be harmed by entry of such an order because New Jersey's consumers retain the

individual ability to obtain file disclosures English; (iii) the entry of such an order serves the public interest; and (iv) because CDIA and its members have no adequate remedy at law and will be irreparably harmed unless the defendant is enjoined from enforcing Revised 56:11-34 against any CRAs.

48.     For the foregoing reasons, CDIA is entitled to a declaration, pursuant to 28 U.S.C. § 2201, that defendant's authority, under color of State law, to enforce Revised 56:11-34 violates and will violate the free speech rights of CRAs, like CDIA's members, which are protected by the First Amendment to the United States Constitution.

49.     CDIA is further entitled to injunctive relief pursuant to 28 U.S.C. § 2202, prohibiting the State, through the Attorney General, or any other governmental authority, from enforcing or attempting to enforce Revised 56:11-34 against any CRAs.

## PRAYER FOR RELIEF

Wherefore, CDIA prays for judgment against defendant as follows:

A.     For declaratory judgment on Counts I and II that Revised 56:11-34 is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681t(a) & (b)(5), and for such equitable and injunctive relief as is necessary and proper to give effect to such declaration precluding any action to enforce or attempt to enforce N.J. Stat. Ann. § 56:11-34 against any CRAs.

B.     For declaratory judgment on Count III that Revised 56:11-34 violates the First Amendment to the United States Constitution and for all such equitable and injunctive relief as is necessary and proper to give effect to such declaration precluding any action to enforce or attempt to enforce N.J. Stat. Ann. § 56:11-34 against any CRAs.

C.  For such other and further relief as the Court may deem just and proper.

## **VERIFICATION**

I, Eric J. Ellman, verify that I am Vice President, Public Policy and Legal Affairs, for the Plaintiff Consumer Data Industry Association, and that the facts set forth in this Complaint are true and correct to the best of my knowledge, information, and belief, except (1) where expressly stated to be based upon information and belief, in which case, I believe them to be true, and (2) legal conclusions, for which I expressly defer to Plaintiff's counsel.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Date:  October 16, 2019

_____
ERIC J. ELLMAN

October 16, 2019                            Respectfully submitted,

                                            ___s/ William T. Marshall, Jr._____
                                            William T. Marshall, Jr. (N.J. Bar No. WM0626)
                                            ZEICHNER ELLMAN & KRAUSE, LLP
                                            33 Wood Avenue South, Suite 110
                                            Iselin, New Jersey 08830
                                            Phone: 973-618-9100
                                            Facsimile: 973-364-9960

                                            Rebecca E. Kuehn
                                            Allen H. Denson
                                            Jennifer L. Sarvadi
                                            HUDSON COOK, LLP
                                            1909 K Street, NW
                                            4th Floor
                                            Washington, DC 20006
                                            Phone: 202-223-6930
                                            Facsimile: 202-223-6935

                                            Attorneys for Plaintiff
                                            Consumer Data Industry Association

## <u>CERTIFICATION</u>

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

<u>  s/ William T. Marshall, Jr.         </u>